**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT COWAN,

        Petitioner,               Case Number: 2:19-CV-11917
                                              HONORABLE SEAN F. COX

v.

ERICA HUSS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE (ECF NO. 3)

Petitioner Robert Cowan, currently in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during the commission of a felony. Mich. Comp. Laws § 750.227b. Before the Court is Petitioner's Motion to Hold Habeas Petition in Abeyance. The Court finds that Petitioner has failed to satisfy the standard for granting a stay and denies the motion.

The petition raises three claims for relief. Petitioner seeks a stay to allow him to raise an additional unexhausted claim in state court. A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances"

such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner fails to identify the claim he intends to exhaust in state court nor does he allege, let alone demonstrate, good cause for failing to previously exhaust this claim. Also, it is improbable that Petitioner will be permitted to file a motion for relief from judgment in state court because he already filed one such motion. Michigan Court Rule 6.502(G)(2) permits a second or subsequent motion only where the motion is based upon a retroactive change in law or a claim of new evidence. Petitioner does not claim that either of these exceptions applies. Given these circumstances, the Court finds a stay unwarranted.

Accordingly, the court DENIES Petitioner's Motion to Hold Habeas Petition in Abeyance (ECF No. 3).

**SO ORDERED**.

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: February 24, 2020